UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David R. Carlson, | Civ. No. 19-424 (WMW/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

This matter is before the Court on Petitioner David R. Carlson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Doc. No. 1 (Petition). For the reasons discussed below, the Court recommends dismissing the Petition without prejudice, based on this Court's lack of jurisdiction.

In 2006, a St. Louis County jury convicted Carlson of three counts of criminal sexual conduct and one count of soliciting a child to engage in sexual conduct. *See* Register of Actions, *State v. Carlson*, No. 69DU-CR-05-2261 (Minn. Dist. Ct.), *available at* http://pa.courts.state.mn.us (last accessed Apr. 2, 2019). The trial court later sentenced Carlson to 144 months. *See id.* Carlson is presently subject to Minnesota's Intensive Supervised Release Program. *See* Pet. 14; Offender Locator—David Richard Carlson, *available at* http://coms.doc.state.mn.us (last accessed Apr. 2, 2019).

Since his conviction, Carlson has filed at least three unsuccessful federal-court challenges to his conviction's validity. *See* Pet. for Relief from a Conviction or Sentence by a Person in State Custody 2, *Carlson v. Dooley*, No. 10-CV-1882 (JNE/JJG) (D. Minn.

May 17, 2010); Order 2, *Carlson v. Dooley*, No. 10-CV-1882 (JNE/JJG) (D. Minn. Jan. 4, 2011) (adopting report and recommendation denying petition); Pet. for Relief from a Conviction or Sentence by a Person in State Custody 2, *Carlson v. Dooly*, No. 13-CV-0525 (JNE/JJG) (D. Minn. Mar. 6, 2013); Order on R. & R. 1, *Carlson v. Dooly*, No. 13-CV-0525 (JNE/JJG) (D. Minn. Apr. 24, 2013) (adopting report and recommendation denying petition); Pet. of Writ § 2254 at 2, *Carlson v. Benson*, No. 16-CV-1974 (JNE/KMM) (D. Minn. June 14, 2016); Order 2, *Carlson v. Benson*, No. 16-CV-1974 (JNE/KMM) (D. Minn. Aug. 31, 2016) (adopting report and recommendation denying petition).

The present Petition also challenges the validity of Carlson's conviction. Pet. 2. As best as the Court can tell, the Petition raises one ground for review.[1] Carlson appears to allege that at some point during his trial, his appointed counsel told the prosecutor that she would be "buying the drinks after this is all over." Pet. 9; *see also* Letter from David R. Carlson to Clerk of Court, U.S. District Court for the District of Minnesota 1 (Jan. 31, 2019) (January 2019 Letter) (making same point), *provided in* Doc. No. 1-2. Carlson asserts that this statement automatically shows that he received ineffective assistance of trial counsel. *See* Pet. 9; January 2019 Letter 1.

---

[1] Prepared on a preprinted form, the Petition has various things written in spaces allocated for the first, second, and fourth grounds of relief. *See* Pet. 6, 8, 11. All these materials, however, appear to refer to the substantive issue presented as the third ground for review. *Compare id. with id.* at 9; *see also id.* at 9 (prefacing discussion with statement, "One question one question only!").

The Court lacks jurisdiction to consider the Petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The pending Petition is plainly second or successive; it challenges the same conviction that Carlson has already challenged at least three times. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Without authorization from the U.S. Court of Appeals for the Eighth Circuit, this Court cannot adjudicate the Petition's merits.

This leads to the question of whether the Court should dismiss the Petition or transfer it to the Eighth Circuit for further consideration of whether to authorize the Petition under § 2244(b)(3)(A). This Court recommends dismissal. The claim that the Petition raises fits none of the criteria for authorization set forth in § 2244(b)(2): it is not based upon a new constitutional-law rule; its factual predicate was known long ago; and it does not suggest that Carlson is actually innocent of the crimes for which he was convicted. Given these points, the Court does not believe that the Eighth Circuit can authorize the Petition, so the Court recommends that the Petition be dismissed rather than transferred.[2]

Finally, a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1); Fed. R.

---

[2] Of course, Carlson may seek authorization from the Eighth Circuit of his own accord, notwithstanding this Court's recommendation of dismissal.

3

App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here— "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat Carlson's Petition differently than it is being treated here. It is therefore recommended that Carlson not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. No certificate of appealability be issued.

Dated: April 4, 2019                     *s/ Becky R. Thorson*
                                         BECKY R. THORSON
                                         United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).